NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JOHNSON OBIEGBU,                    :
                                    :   Civil Action No. 13-5576 (RMB)
            Petitioner,             :
                                    :
      v.                            :   **OPINION**
                                    :
WARDEN JORDAN HOLLINGSWORTH ,       :
                                    :
            Respondent.             :
_____ :

    This matter comes before this Court upon Petitioner's filing of a § 2241 petition ("Petition"), see Docket Entry No. 1, and his application to proceed in this matter in forma pauperis. See Docket Entry No. 1-1.  Petitioner, a prolific litigant, is a federal inmate currently confined at the FCI Fort Dix, Fort Dix, New Jersey, where Petitioner was transferred on July 15, 2013, from the FCI Petersburg, Virginia ("FCI Petersburg").[1]  See

---

[1] This Court's brief review of Petitioner's prior legal actions detected electronic records of at least eleven civil matters, seven of which were commenced in various district courts and four in various courts of appeals.  See Obiegbu v. United States, Civil Action No. 09-0283 (JB) (N.D. Tx.); Obiegbu v. Napolitano, Civil Action No. 09-0459 (JB) (N.D. Tx.); Obiegbu v. Werlinger, Civil Action No. 10-0277 (KRG) (W.D. Pa.); Obiegbu v. Werlinger, Civil Action No. 10-0301 (KRG) (W.D. Pa.); Obiegbu v. Werlinger, Civil Action No. 13-0002 (KRG) (W.D. Pa.); Obiegbu v. Holingsworth, Civil Action No. 13-0071 (AWA) (E.D. Va.); Obiegbu v. Wilson, Civil Action No. 13-0226 (AWA) (E.D. Va.); see also Obiegbu v. United States, USCA Index No. 09-10945 (5ht Cir); Obiegbu v. Werlinger, USCA Index No. 12-3031 (3d Cir.); Obiegbu v. Werlinger, USCA Index No. 12-3687 (3d Cir.); Obiegbu v. Werlinger, USCA Index No. 13-1662 (3d Cir.).

Obiegbu v. Holingsworth, Civil Action No. 13-0226 (AWA) (E.D. Va.), Docket Entry No. 9. Three weeks after that transfer, i.e., on August 6, 2013, Petitioner executed the application at bar titling the same, "An Emergency Motion for Preliminary and Declaratory Injunction Pursuant to . . . 28 USC 2241." See Instant Matter, Docket Entry No. 1, at 1 and 12.

In his instant application, Petitioner asserted that, while being confined at the FCI Petersburg: (1) he rendered assistance to another inmate in exchange for compensation in kind; (2) that transaction resulted in a disciplinary proceeding; (3) Petitioner was found guilty of a disciplinary infraction but was not served with a notice of the charges against him; (4) that disciplinary finding caused Petitioner's expulsion from the Residential Drug Abuse Treatment Program ("RDAP"); and (5) having lost the potential benefit he could have earned upon completion of the RDAP, Petitioner became eligible for consideration for a transfer to a community correctional center on a date later than the one he would have had in the event he successfully completed the RDAP. See generally, Instant Matter, Docket Entry No. 1.

Conceding that he did not exhaust his administrative remedies with regard to this panoply of challenges, Petitioner asserted that such exhaustion was not required because he was seeking injunctive and declaratory relief. See id. at 7.

Petitioner's application is unavailing.

2

To start, Petitioner unduly conflates his challenges to at least three different administrative actions or determinations. His first challenge is a procedural due process attack on the determination finding him guilty of an infraction without giving him a proper notice of the charges against him.  His next challenge attacks another determination: that his disciplinary infraction rendered him no longer eligible for completion of the RDAP.  His third challenge is to yet another determination: that, since he did not earn the credits ensuing from a successful completion of the RDAP, which credits would have entitled him for a speedier release and, correspondingly, transfer to a community correctional center, his date of evaluation for such a transfer also could not take place sooner.[2]

---

[2]  In addition, it appears that Petitioner is attempting to challenge the period of his placement in a community correctional center by speculating that such period might be too short and in violation of the Second Chance Act ("SCA"), Pub. L. No. 110-199, effective April 9, 2008.

> [T]his Court finds that this petition seeks adjudication of a speculative claim, which is prohibited in habeas law.  Petitioner conjectures that he will not receive the maximum 12 month RRC placement that is permitted under the SCA, and that he must be evaluated for his [community correctional center] placement at the time of his choosing, well more than 33 months before his projected release date when he filed his habeas petition.  However, Petitioner does not have a liberty interest in a vested right to reduction of his sentence by means of his placement in a RRC: the decision is statutorily reserved to be subject to the BOP's discretion.  Cf. Magnin v. Beeler, 110 F. Supp. 2d 338, 340 n. 2 (D.N.J. 2000).  Rather, the statutory or ensuing regulatory enactments merely

However, under Habeas Rule 2(e), Petitioner cannot challenge different administrative actions or determinations in a single habeas petition. See 28 U.S.C. § 2254 Rule 2(e) (applicable to § 2241 matters through Habeas Rule 1(b)); see also Muniz v. Zickefoose, 2011 U.S. Dist. LEXIS 115766, at *13 (D.N.J. Sept. 30, 2011), aff'd, 460 F. App'x 165 (3d Cir. 2012). Rather, each of the actions or determinations Petitioner seeks to attack shall be challenged in a separate habeas application.[3] See id.

Next, Petitioner's argument as to non-exhaustion, that he is seeking merely "injunctive and declaratory" relief, is also unavailing. The very nature of habeas relief is, by definition,

---

> created an entitlement protected by the Due Process Clause, i.e., these provisions merely protect Petitioner's expectation to be evaluated for such placement. Cf. Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979)(addressing the right to parole consideration); see also Board of Pardons v. Allen, 482 U.S. 369 (1987); Prevard v. Fauver, 47 F. Supp. 2d 539, 545 (D.N.J.), aff'd, 202 F.3d 254 (3d Cir. 1999). Correspondingly, Petitioner has no vested right in either being evaluated for [community correctional center] placement on a certain date or in being placed in a [community correctional center] on a certain date: rather, he has a right to be evaluated, generally, and to be placed in a [community correctional center] if the BOP concludes, upon due evaluation, that Petitioner shall be so placed.

Garcia v. Zickefoose, 2012 U.S. Dist. LEXIS 133884, at *14-16 (D.N.J. Sept. 18, 2012), aff'd 518 F. App'x 78 (3d Cir. 2013).

[3] Petitioner's position that these determinations followed one another is immaterial. Cf. Salyer Land Co. v. Tulare Lake Basin Water Storage Dist., 410 U.S. 719, 731 (1973) (legal "adjudication cannot rest on any such 'house that Jack built' foundation").

4

injunctive; yet, it has long been established that the administrative exhaustion requirement applies to all habeas challenges, including Section 2241 attacks on administrative determinations.[4]  See Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004); Booth v. Churner, 206 F.3d 289 (3d Cir. 2000); see also Nyhuis v. Reno, 204 F.3d 65, 75-76 (3d Cir. 2000) (reflecting on the "myriad policy considerations in favor of exhaustion requirements").

Hence, Petitioner's challenges should be dismissed for failure to comply with Habeas Rule 2(e) and lack of exhaustion. Generally, such deficiencies would warrant a dismissal without prejudice or issuance of an order to show cause as to why the claims should not be dismissed as procedurally defaulted.  Here, however, a summary dismissal with prejudice appears proper.

As noted supra, this Court's review of Petitioner's litigation history detected a number of prior actions, see Instant Opinion, n.1; and one of these matters was Civil Action No. 13-0071 ("Holingsworth"), a proceeding currently pending in the Eastern District of Virginia before District Judge Arenda L.

---

[4]  Moreover, the courts read a procedural default component into the exhaustion requirement, holding that the inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating claims in federal court. See Booth, 206 F.3d 289; Bolla v. Strickland, 304 F. App'x 22 (3d Cir. 2008); Jetter v. Beard, 183 F. App'x 178 (3d Cir. 2006).

Wright Allen ("Judge Allen") and Magistrate Judge Tommy E. Miller ("Judge Miller").

In that action, Petitioner raised challenges substantively indistinguishable from those asserted in his application at bar; moreover, Petitioner's Holingsworth challenges even include the very same conflation of claims present here.[5]  As the record in Holingsworth indicates, Petitioner's failure to exhaust and the validity of his substantive claims are currently in the process of active adjudication, see Holingsworth, Docket Entries Nos. 12-17, and a resolution of all these issues is forthcoming.  Yet, having his application to expedite the Holingsworth action denied and the final determination reserved by Judge Miller, see id. Docket Entry No. 13 (order issued on July 25, 2013), Petitioner executed his Petition: just ten days after the entry of Judge Miller's decision.

While Petitioner invites this Court to proceed with an adjudication of his claims already pending before Judges Allen and Miller, the Court declines to do so.

---

[5]  See Obiegbu v. Holingsworth, Civil Action No. 13-0071 (AWA) (E.D. Va.), Docket Entry No. 16 (Respondents' answer grappling with the chain Petitioner's unrelated challenges identical to those at bar and providing Judges Allen and Miller with an administrative record showing that Petitioner's expulsion from the RDAP resulted from his "unsatisfactory progress in treatment despite repeated treatment interventions from RDAP staff").

> The power of a federal court to prevent duplicative litigation is intended "to foster judicial economy and the 'comprehensive disposition of litigation,'" <u>Curtis v. Citibank, N.A.</u>, 226 F.3d 133, 138 (2d Cir. 2000) (quoting <u>Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.</u>, 342 U.S. 180, 183 (1952)), and "to protect parties from 'the vexation of concurrent litigation over the same subject matter.'" <u>Id.</u> (quoting <u>Adam v. Jacobs</u>, 950 F.2d 89, 93 (2d Cir. 1991)).

<u>Porter v. NationsCredit Consumer Disc. Co.</u>, 2003 Bankr. LEXIS 933, at *33 (Bankr. E.D. Pa. 2003).

Therefore, this Court will direct administrative termination of the instant matter and dismissal of Petitioner's instant challenges as wholly duplicative of those in <u>Holingsworth</u>.[6] In light of Petitioner's commencement of a duplicative action right upon having his motion denied by Judge Miller, this Court will direct the Clerk to serve complimentary copies of this Opinion and accompanying Order upon Judges Allen and Miller.

Finally, taking notice of Petitioner's extensive litigation history and his tendency to raise challenges known to him as invalid in light of the courts' prior adjudications of his

---

[6] To the extent Petitioner's instant challenges could be read as challenges indistinguishable from the aspect of Petitioner's claims with regard to which Judge Miller granted Petitioner limited relief, <u>see</u> <u>Holingsworth</u>, Docket Entry No. 13, Petitioner's challenges will be dismissed under the doctrine of <u>res judicata</u>. <u>See</u> <u>McCleskey v. Zant</u>, 499 U.S. 467, 486 (1991) (pointing out that § 2244(b) "establishes a 'qualified application of the doctrine of res judicata" [to habeas actions]") (citation to legislative records omitted),

7

claims, the Court takes this opportunity to advise Petitioner of the concept of abuse of writ.

Where a habeas litigant is attempting to re-litigate the very same issue time and again, or where the litigant raises claims already known to him as facially meritless, it is well within the broad scope of the All Writs Act, 28 U.S.C. § 1651(a), for a district court to issue an order restricting the filing of such frivolous cases by that litigant.  See e.g., In Re Oliver, 682 F.2d 443, 445 (3d Cir. 1982) (citing Lacks v. Fahmi, 623 F.2d 254 (2d Cir. 1980) (per curiam); Harrelson v. United States, 613 F.2d 114, 115 (5th Cir. 1980) (per curiam); Clinton v. United States, 297 F.2d 899, 901 (9th Cir. 1961), cert. denied, 369 U.S. 856 (1962)).  Thus, if Petitioner persists at raising - or paraphrasing - his already litigated claims or already dismissed challenges, he risks abusing the equitable nature of the habeas writ.  See Sanders v. United States, 373 U.S. 1, 17-19 (1963); Furnari v. United States Parole Comm'n, 531 F.3d 241, 250 (3d Cir. 2008).  This Court, therefore, strongly urges Petitioner to take his litigations in this District (and in all other federal courts, district and appellate) seriously, since sanctions could be applied to Petitioner if he continues abusing the legal process.  "The courts in this nation stand ready to address challenges brought by litigants in good faith.  Which, in turn, means that the judiciary — including  the Judges in this District

— expect litigants to treat their litigation with utmost seriousness, without abusing legal process and without unduly testing of the resolve or common sense of the judiciary." In re Telfair, 745 F. Supp. 2d 536, 580 (D.N.J. 2010).

For the foregoing reasons, Petitioner's application will be dismissed with prejudice, as duplicative of the application being litigated in Holingsworth.[7]

An appropriate Order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
**United States District Judge**

Date: October 1, 2013

---

[7] No statement made in this Opinion or accompanying Order shall be construed as expressing this Court's position as to the substantive or procedural validity or invalidity of Petitioner's challenges currently litigated in Holingsworth.